ACCEPTED
14-14-00521-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
1/14/2015 4:55:06 PM
CHRISTOPHER PRINE
CLERK

## Nos. 14-14-00521-CR & 14-14-00522-CR

In the
## Court of Appeals
For the
## Fourteenth District of Texas
At Houston

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

1/14/2015 4:55:06 PM

CHRISTOPHER A. PRINE
Clerk

————————◆————————

## Nos. 1377493 & 1377494
In the 209th District Court
Of Harris County, Texas

————————◆————————

## GARY ISHMAEL BOLIN
*Appellant*
v.
## THE STATE OF TEXAS
*Appellee*

————————◆————————

State's Appellate Brief

————————◆————————

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**ALLISON BUESE**
Assistant District Attorney
Harris County, Texas

**CLINTON A. MORGAN**
Assistant District Attorney
Harris County, Texas
State Bar No. 24071454
morgan_clinton@dao.hctx.net

1201 Franklin, Suite 600
Houston, Texas 77002
Tel: (713) 755-5826
FAX: (713) 755-5809

*Counsel for the Appellee*

Oral Argument Not Requested

**Statement Regarding Oral Argument**

The appellant requested oral argument, though he gave no particular reason why. The State believes the briefs in this case adequately apprise this Court of the issues and the law, and any marginal benefit from oral argument does not justify the considerable amount of time that preparation for oral argument requires of the parties and the Court. Therefore, the State does not request oral argument.

## Identification of the Parties

Counsel for the State:

Devon Anderson
— District Attorney of Harris County

Allison Buese
— Assistant District Attorney at trial

Clinton A. Morgan
— Assistant District Attorney on appeal

Appellant:

Gary Ishmael Bolin

Counsel for the Appellant:

Scott Pope, Jules Johnson & Frances Bourliot
— Counsel at trial

Casey Garrett
— Counsel on appeal

Trial Judge:

Michael McSpadden
— Presiding judge

# Table of Contents

**Page**

Statement Regarding Oral Argument............................................................ i

Identification of the Parties ...................................................................... ii

Table of Contents....................................................................................iii

Index of Authorities ............................................................................... iv

Statement of the Case .............................................................................. 1

Statement of Facts.................................................................................... 1

A Note on the Appellant's Right of Appeal ............................................... 3

**Reply to the Appellant's Sole Point of Error**

A bench trial is a unitary proceeding, thus the trial court did not err in
hearing punishment evidence prior to a finding of guilt...........................3

Conclusion ............................................................................................... 5

Certificate of Compliance and Service...................................................... 6

# Index of Authorities

## Cases

*Barfield v. State*
  63 S.W.3d 446 (Tex. Crim. App. 2001) ............................................................................ 4

*Lopez v. State*
  96 S.W.3d 406 (Tex. App.—
  Austin 2002, pet. ref'd) ...................................................................................................... 4

*Washington v. State*
  363 S.W.3d 589 (Tex. Crim. App. 2012) ......................................................................... 3

To the Honorable Court of Appeals:

## Statement of the Case

The appellant was indicted on two charges of aggravated assault. (1 CR 15; 2 CR 15).[1] The appellant waived a jury trial and entered a plea of guilty without an agreed recommendation from the State. (1 CR 128-132; 2 CR 76-80; 2 RR 8-11). After hearing from witnesses and receiving a pre-sentence investigation report, the trial court found the appellant guilty and sentenced him to concurrent sentences of twenty and five years' confinement. (1 CR 137; 2 CR 85). The appellant filed timely notices of appeal. (1 CR 140; 2 CR 88). Prior to the finding of guilt and the assessment of punishment, the trial court certified that the appellant had waived his right of appeal. (1 CR 134; 2 CR 82).

## Statement of Facts

Greg Ward was a business owner whose company leased a building from the appellant under a lease-purchase agreement. (2 CR 32). When Ward's company sent notice of its intent to purchase the property, the appellant started eviction proceedings. (2 RR 32-33). Ward's company responded by

---

[1] For ease of citation, the State will refer to the two clerk's records in this case as though they were sequential volumes. The record for cause 1377493 (14-14-00521-CR) will be 1 CR, and the record for cause 1377494 (14-14-005220CR) will be 2 CR.

filing a lawsuit. (2 RR 32). For several months after that, things calmed down between the parties. (2 RR 34).

On Valentine's Day, 2013, the appellant came to the building to give roses to the female employees as he did every Valentine's Day. (2 RR 14-15). The appellant was friendly with the staff and even joked around with one of them. (2 RR 15). The appellant asked the office manager, Jane Foley, where to find a particular female employee, and Foley said that her office was upstairs. (2 RR 15-16). The appellant walked off in that direction.

Ward was in his office, typing, with his attention focused on the keyboard. (2 RR 35). Two roses suddenly landed on his desk next to him; Ward reached for them, thinking that it was an employee playing a practical joke on him. (2 RR 35). As he reached for the roses, his chair swiveled around and Ward saw the appellant. (2 RR 35). The appellant pulled out a gun and shot Ward in the face. (2 RR 35).

Evan Gooch, an engineer with the company, was working in the office next door when he heard a loud noise from Ward's office. (2 RR 24). Gooch walked into Ward's office and saw the appellant holding a smoking gun. (2 RR 24). The appellant pointed the gun at Gooch's face. (2 RR 24). Foley came into Ward's office to investigate the noise and saw the appellant pointing a gun at Gooch. (2 RR 16). She asked him what he was doing. (2 RR 16). The appellant

2

lowered the gun and calmly walked out of the building without saying anything. (2 RR 16).

## A Note on the Appellant's Right of Appeal

The trial court certified that the appellant had waived his right of appeal in this case. (1 CR 134; 2 CR 82). Both of those certifications were dated April 22, 2014, but the trial court did not make a finding of guilt and assess punishment until June 27, 2014. (1 CR 137; 2 CR 85; *see, generally* 3 RR). As the appellant points out, when a defendant enters an open plea and waives his right of appeal prior to a finding of guilt and assessment of punishment, that waiver is not valid. (Appellant's Brief at 7-8 (citing *Washington v. State*, 363 S.W.3d 589, 590 (Tex. Crim. App. 2012)). Correctly understood, the appellant has a right of appeal.

## Reply to the Appellant's Sole Point of Error

**A bench trial is a unitary proceeding, thus the trial court did not err in hearing punishment evidence prior to a finding of guilt.**

The appellant's only complaint is that the trial court heard victim-impact testimony prior to a finding of guilt. (Appellant's Brief at 7-9). The appellant believes that this form was irregular. However, bench trials are unitary proceedings without separate punishment hearings. *Barfield v. State*,

63 S.W.3d 446, 449-50 (Tex. Crim. App. 2001). In a bench trial, all the evidence is admitted in a single proceeding, followed by simultaneous findings regarding guilt and punishment, exactly as occurred in this case. *See ibid.* ("[T]he decision of the court in a unitary trial is not fixed until it renders judgment on guilt and punishment after all the evidence and arguments have been heard."); *Lopez v. State*, 96 S.W.3d 406, 412 (Tex. App.—Austin 2002, pet. ref'd) (Onion, J.) (in bench trial, guilt and punishment "cannot be separated"). Thus the trial court did not err in its conduct of this trial and the appellant's point should be overruled.

## Conclusion

The State respectfully submits that all things are regular and the judgment of the trial court should be affirmed.

DEVON ANDERSON
District Attorney
Harris County, Texas


/s/ C.A. Morgan
CLINTON A. MORGAN
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002-1923
(713) 755-5826
Texas Bar No. 24071454

5

**Certificate of Compliance and Service**

I certify that, according to Microsoft Word's word counting function, the portion of this brief for which Rule of Appellate Procedure 9.4(i)(1) requires a word count contains 659 words.

I also certify that I have requested that efile.txcourts.gov electronically serve a copy of this brief to:

Casey Garrett
Casey.garrett@sbcglobal.net

/s/ C.A. Morgan
**CLINTON A. MORGAN**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002-1923
(713) 755-5826
Texas Bar No. 24071454

Date: January 14, 2015

6